UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAITHAM SAMARA,

                              Plaintiff,        **COMPLAINT**

            -against-

**NYC CANDY & NUTS, INC., FAUZI & COMPANY, INC., FAUZI IBRAHIM, REEM IBRAHIM**

                             Defendants.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), §29 U.S.C. 201 et. seq.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §216. Plaintiff further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York according to 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

4. Plaintiff **HAITHAM SAMARA ("Mr. Samara")** resides in **Bronx**, **New York**, **10466**.

5. On information and belief, Defendant **NYC CANDY & NUTS, INC.** (" NYC Candy") is a **New York domestic corporation** conducting business in the State of New York, and is doing business in New York State at **416 S. Fulton Ave**, **Mount Vernon, New York, 10553**.

6. On information and belief, Defendant **FAUZI & COMPANY, INC.** (" FauziCo") is a **New York domestic corporation** conducting business in the State of New York, and is doing business in New York State at **416 S. Fulton Ave**, **Mount Vernon, New York, 10553**.

7. On information and belief, defendant **Fauzi Ibrahim** ("**Mr. Ibrahim") is an individual** residing at **18 Boswell Rd, Putnam Valley, New York, 10579** and **owns all or part** of **NYC Candy & FauziCo** and was the supervisor of the Plaintiff during all times material hereto.

8. On information and belief, defendant **Reem Ibrahim** ("**Mrs. Ibrahim") is an individual** residing at **18 Boswell Rd, Putnam Valley, New York, 10579** and **owns all or part** of **NYC Candy & FauziCo** and was the supervisor of the Plaintiff during all times material hereto.

## BACKGROUND FACTS

9. Defendant **NYC Candy & FauziCo** are both individually and/or seperatley an "employer" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

10. **NYC Candy** is a **wholesale food distributor of candy and tree nuts**.

1

11. On information and belief, **NYC Candy**, is owned and controlled in whole or in part by defendants **Mr. Ibrahim, Mrs. Ibrahim, and/or FauziCo**.

12. On information and belief, **FauziCo** owns, controls and/or operates **NYC Candy** throughout the State of **New York**. Specifically, **FauziCo.** owns, controls, and/or operates:

    i. **NYC Candy** located at **419 S. Fulton Street, Mount Vernon, New York, 10553.**

    **FauziCo & NYC Candy** are referred to herein collectively as (the "**Businesses**").

13. On information and belief, the employees of **FauziCo** are all also employees of **NYC Candy.**

14. On information and belief, **FauziCo.** and **NYC Candy** are joint employers.

15. On information and belief, Defendants of **FauziCo** exercises control and supervision over the employee pay practices of the **NYC Candy**.

16. Plaintiff(s) engaged in interstate commerce within the meaning of the FLSA by regularly using the instrumentalities of interstate commerce to perform work, which was directly essential to defendants' business, including **delivering packaged food goods to businesses located in the States of New York, New Jersey, Connecticut and Pennsylvania, purchasing gas in the aforementioned states, and driving a truck and his personal vehicle which were manufactured outside the State of New York.**

17. At all relevant times herein, the **FauziCo., NYC Candy, Mr. Ibrahim and Mrs. Ibrahim each individually** had, and still have, the authority to:

    i. Hire employees of **NYC Candy**.

    ii. Fire employees of **NYC Candy**.

    iii. Set wages for employees of **NYC Candy**.

    iv. Maintain payroll records for employees of **NYC Candy**.

    v. Hire employees of **the Businesses**.

    vi. Fire employees of **the Businesses**.

    vii. Set wages for employees of **the Businesses**.

    viii. Maintain payroll records for employees of **the Businesses.**

18. Defendants are involved in an industry affecting commerce within the meaning of the FLSA because defendants purchase **packaged food products** that were **manufactured and delivered** from locations outside the State of New York, and deliver **packaged food products** from a location in the State of New York to locations outside the State of New York.

19. Defendant **NYC Candy's and the Businesses, jointly and separately,** had annual revenues exceeding $500,000 for the years 2015, 2014, 2013, 2012, 2011, and 2010.

20. The business activities of the Defendants are related and performed through unified operation

or common control for a common business purpose.

21. Since starting employment, Defendants would compute Plaintiff's workweek for purposes of computing payroll beginning on **Monday** and ending on **Sunday** of each week

22. Defendants failed to keep accurate and sufficient payroll and time records, as required by law.

23. Plaintiff worked as a **delivery driver** who engaged in the following duties: **Delivered packaged food goods to businesses**.

24. At all times relevant hereto, Plaintiff operated a vehicle that had a gross vehicle weight of under 10,000 pounds.

**PLAINTIFF** HAITHAM SAMARA**:**

25. From **April 2010 through May 2015,** Defendants employed **MR. SAMARA** as a delivery driver.

26. At all relevant times herein, **MR. SAMARA** was not exempt from the FLSA.

27. At all relevant times herein, **MR. SAMARA** did not have the authority to hire or fire employees, did not supervise employees, and did not use his independent judgment or discretion while working for Defendants.

28. **MR. SAMARA** regularly worked **Monday** through **Friday**.

29. **Mr. Samara** regularly worked **from 8:30 (am) to 6:30 (pm)** every day of work, totaling **50 hours** per workweek.

30. Defendants paid **Mr. Samara** a flat salary in cash of $425 per week regardless of the hours worked.

31. Defendants failed to provide **Mr. Samara** with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

32. **Mr. Samara** did not take a lunch period during work.

33. For nearly all of **Mr. Samara's** employment, Defendants paid **Mr. Samara** off the books and did not keep track of **Mr. Samara's** time worked.

34. Defendants failed to pay **MR. SAMARA** overtime pay at a rate of 1.5 times **Mr. Samara's** regular hourly rate for any hours worked in excess of 40 hours in the workweek.

35. Defendants failed to pay **Mr. Samara** at least 1.5 times the NYS minimum wage for all hours worked in excess of 40 hours in the workweek.

36. Defendants required Plaintiff to use his own vehicle for work and to pay for his own gas, tolls, and other travel related expenses, and the Defendants failed to reimburse **Mr. Samara** for such costs.

3

37. Plaintiff's failed to pay **Mr. Samara** at least the NYS minimum wage for all hours worked by and through its practice of unlawfully deducting money from **Mr. Samara's** wages.

38. Mr. Samara reasonably believed paying such costs were a condition of continued employment and failure to make such payments would result in his termination.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Fair Labor Standards Act & NYLL)

39. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

40. Defendants failed to compensate Plaintiff with overtime premium pay for hours worked in excess of 40 per week.

41. Pursuant to the FLSA & NYLL, Plaintiff are entitled to one and one-half of their regular rate of pay for all hours worked in excess of 40 hours per workweek.

42. Defendants willfully refused and failed to compensate Plaintiff for overtime work, causing damage to Plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Wage Theft Prevention Act Notice)
### (NYLL)

43. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

44. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer.

4

45. Due to Defendants' violation of NYLL §195, Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys fees, and costs and disbursements of this action, pursuant to NYLL §198(1-b).

### AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to provide wage statement)
### (NYLL)

46. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

47. Pursuant to §195(3) of the NYLL, Plaintiff is entitled to a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48. Defendants failed to provide Plaintiff with a wage statement in accordance with the 195(3) of the NYLL, and by such action suffered injury.

49. Due to Defendants' violation of §195(3) of the NYLL, Plaintiff is entitled to recover from Defendants liquidated damages of $250 per workday for each workday that such statement is not provided up to a maximum of $5,000.00 pursuant to NYLL §198(1-d), together with reasonable costs and attorneys fees for each year such violation occurs.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS)
### (NYLL)

50. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

51. Defendant required Plaintiff to make payments by separate transaction when such charges or payments are not permitted as deduction from wages under the NYLL. NYLL §193(1) & §193(b)(2).

52. Defendants requested, demanded, or received, a return, donation or contribution of any part of Plaintiff's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent Plaintiff from procuring or retaining employment. NYLL §198-b(2).

53. Defendant willfully failed to keep accurate records of the expenses it required Plaintiff to incur.

54. Plaintiff is entitled to recover the value of all job related expenses since the date six (6) years preceding the filing of Plaintiffs' original Complaint, plus periods of equitable tolling.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to pay minimum wage- Federal & State)

55. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

56. Plaintiff has not been compensated with minimum wage for all hours worked.

57. Pursuant to the FLSA & NYLL, Plaintiff is entitled to receive a base minimum wage for all- non-overtime hours worked.

58. Defendant failed to pay Plaintiff the NYS Minimum Wage for all hours worked by paying a flat salary for excessive work hours work hours while simultaneously requiring Plaintiff to pay for the costs of doing business.

59. Defendants willfully refused and failed to compensate Plaintiff for overtime work and pay at least the minimum wage, causing damage to Plaintiff.

## JURY DEMAND

60. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff respectfully pray that this Court enter a judgment:

   i. Directing Defendants to pay Plaintiff the full amount of the difference between the applicable minimum wage and the actual direct wage paid by the Defendants for all hours worked by Plaintiff pursuant to 29 U.S.C. §201 et. seq. and New York Labor Law;

   ii. Directing Defendants to pay Plaintiff(s) the full value of all unpaid overtime premiums to Plaintiff for hours worked in excess of Forty (40) hours in a workweek pursuant to 29 U.S.C. §201 et. seq. and New York Labor Law;

   iii. Directing Defendants to pay Plaintiff 1.5x the NYS minimum wage for all hours worked in excess of 40 hours in a workweek;

   iv. Directing Defendants to pay Plaintiff $250.00 per workday that such pay notice was not provided up to a maximum of $5,000.00 for each year such pay notices were not provided.

   v. Directing Defendants to pay Plaintiff the value of all expenses incurred while performing work for Defendants.

   vi. Directing Defendants to pay Plaintiff(s) additional amounts as liquidated damages due to Defendants' willful failure to pay the minimum wage pursuant to 29 U.S.C. § 201 et. seq. and New York Labor Law;

   vii. Directing Defendants to pay damages to Plaintiff (s) under the Wage Theft Prevention Act of $50 per workweek, up to $2,500 per plaintiff, plus reasonable counsel fees, and costs, and disbursements for each cause of action under the Wage Theft Prevention Act;

   viii. Directing Defendants to pay Plaintiff(s)' costs and attorneys fees, pursuant to the FLSA and New York Labor Law;

   ix. Directing Defendants to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

Dated:   Westchester, NY
June 22, 2015

Yours, etc.,

_____*S.S*_____
Jordan El-Hag (JE3360)
Attorney for Plaintiff
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 755-1579 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com