UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HAITHAM SAMARA,

                  Plaintiff,

        – against –                       15-CV-4824 (CS)

NY CANDY & NUTS, INC., FAUZI & COMPANY,
INC., FAUZI IBRAHIM, REEM IBRAHIM,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

       WHEREAS, Plaintiff Haitham Samara ("Plaintiff") and NYC Candy & Nuts, Inc. ("NYC Candy & Nuts"), Fauzi & Company, Inc. ("Fauzi & Company"), Fauzi Ibrahim, and Reem Ibrahim (collectively, "Defendants") ("Plaintiff" and "Defendants" together hereinafter referred to as "Parties") desire to resolve this matter without further litigation or adjudication;

       WHEREAS, Plaintiff alleges that Defendants violated the Fair Labor Standards Act and the New York State Labor Law by failing to pay an overtime premium at time and a half his regular rate of pay for all hours worked over 40 hours in a workweek during the applicable statutory limitations period;

       WHEREAS Plaintiff alleges that Defendants willfully violated the New York Labor Law by failing to furnish Plaintiff with a Wage Theft Prevention Act notice;

       WHEREAS Plaintiff alleges that Defendants violated the New York Labor Law by failing to provide Plaintiff with a wage statement;

       WHEREAS Plaintiff alleges that Defendants violated the New York Labor Law by requesting reimbursement from Plaintiff, as an unpermitted deduction from wages;

WHEREAS Plaintiff alleges that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to compensate Plaintiff with the minimum wage for all hours worked;

WHEREAS, the Parties understand and agree that Defendants and Plaintiff deny each and every allegation of wrongdoing asserted in this Action, including, but not limited to, all such allegations contained in the Complaint in this Action, and in any other papers filed or served by Plaintiff or on Plaintiff's behalf in this Action;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of guilt, or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

WHEREAS, the Parties desire that this matter be fully and finally dismissed, with prejudice;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES THAT:**

1.     In consideration for the promises made by Defendants in Paragraph "2" below, Plaintiff agrees as follows:

a.     Plaintiff, by his counsel, shall execute the Stipulation and Order of Dismissal With Prejudice attached hereto as Exhibit "A." Plaintiff warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants alleging: Defendants failed to pay

overtime wages; or Defendants failed/willfully failed to furnish Plaintiff with a Wage Theft Prevention Act notice; or Defendants failed to provide Plaintiff with a wage statement; or Defendants unlawfully requested reimbursement from Plaintiff, as an unpermitted deduction from wages; or Defendants failed to compensate Plaintiff with the minimum wage for all hours worked, all for the period of time covered by the Complaint in this Action, in any form or forum other than this Action.

           b.      Plaintiff, his heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendants NYC Candy & Nuts and Fauzi & Company, and any of their subsidiaries, divisions, affiliated agencies or entities, attorneys, employees, agents, representatives, former employees, predecessors, successors and assigns, both individually and in their official capacities, Defendant Fauzi Ibrahim, and any of his agents, representatives, descendants, ancestors, dependents, heirs, executors, administrators, assigns and successors, and Defendant Reem Ibrahim and any of her agents, representatives, descendants, ancestors, dependents, heirs, executors, administrators, assigns and successors, and each of them (all collectively referred to as "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any claims arising under or pursuant to the United States Constitution, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

3

Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988, the

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, the Rehabilitation Act

of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101

*et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, the Equal Pay Act,

the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.*, I.R.C. §

4980B, the Fair Credit Reporting Act, 15  U.S.C. § 1681 *et seq.*, the Occupational Safety and

Health Act of 1970, 29 U.S.C. § 651 *et seq.*, the Genetic Information Nondiscrimination Act of

2008, 42 U.S.C. § 2000ff *et seq.*, the False Claims Act, 31 U.S.C. §  3729 *et seq.*, the New York

State Constitution, the New York Human Rights Law, New York Executive Law § 290 *et seq.*,

the New York Equal Pay Law, New York Labor Law §§ 194-198, the New York Whistleblower

Law, New York Labor Law § 740 *et seq.*, the New York Legal Activities Law, New York Labor

Law  § 201-d,  the  non-discrimination  and/or  anti-retaliation  provisions  of  the  New  York

Workers' Compensation Law, New York Workers' Compensation Law § 120 and § 125 *et seq.*,

New York Labor Law § 190 *et seq.*, the New York occupational safety and health laws, and any

other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension,

employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or

ordinances; any contract (whether oral or written, express or implied) or tort laws; any claim

arising under the common law; any other claim for unpaid wages, employment discrimination,

retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish,

intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other

expenses, including attorneys' fees or any other action against Releasees, based upon any

conduct occurring up to and including the date Plaintiff executes this Agreement.  Expressly

excluded from this release and waiver are any claims for workers' compensation benefits, vested

pension or savings plan benefits, or any right to unemployment benefits or right to enforce the terms of this Agreement.

        c.        In the event that Plaintiff institutes, is a party to, or is a member of a class, collective, or multi-party group that institutes any claim or action against Releasees, arising from any alleged conduct by the Defendants which sets forth a claim alleging Defendants engaged in unlawful employment discrimination based upon their failure to pay overtime wages, or failed/willfully failed to furnish a Wage Theft Prevention Act notice, or failed to provide a wage statement, or requested reimbursement as an unpermitted deduction from wages, or failed to compensate with the minimum wage for all hours worked, all for the period of time covered by the Complaint in this Action, Plaintiff agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and he shall execute any papers necessary to achieve this end.

        d.        With respect to non-publicity, the Parties agree as follows:

        (i)        The Parties agree that they have not publicized and will not actively publicize the existence or terms of this Settlement Agreement, which includes notifying any member of the media or press or advertising to the general public at large regarding the existence or terms and conditions of the settlement and posting or disseminating the existence or terms and conditions of the settlement on any social media (including, but not limited to, Facebook, LinkedIn, Twitter, Google+, Tumblr, Instagram, Law 360 or similar media outlets) or Plaintiff's Counsel's website. Such prohibition extends to dissemination of any information, whether oral, electronic or in any document form including but not limited to providing copies of this Settlement Agreement, and information regarding the existence and terms of the Settlement Agreement. Publication by the Parties or their counsel of the existence of this Settlement

Agreement and the terms set forth herein to the public at large shall be limited to filing documents via ECF with the Court, as is necessary to effectuate the Settlement Agreement, or as may be required by law, governmental agencies, for tax purposes, or pursuant to subpoena or court order. The Parties may state that the matter has been settled to the satisfaction of a Party, the Parties, or Counsel's respective clients.

(ii)    Plaintiff confirms that, as of the date of execution hereof, he has not contacted any governmental agency with jurisdiction over wage and hour laws regarding any potential or alleged violations of Defendants encompassing the claims alleged in the Complaint in this Action for the period of time covered by this Action, and that, unless he possesses claims that accrue hereafter against Defendants, he will not do so in the future to the extent this prohibition regarding contact is permitted by law.

e.    Plaintiff agrees that he will not disparage Defendants or Defendants' businesses. Nothing in this paragraph shall prohibit Plaintiff from complying with a subpoena or court order. However, Plaintiff will notify Defendants of the subpoena or court order as soon as is reasonably practicable under the circumstances, by notifying Howard Schragin by telephone at (914) 328-0366 or email at hschragin@sapirschragin.com.

f.    Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "2" below) is in full satisfaction of any and all obligations Releasees may have with respect to Plaintiff's claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Settlement Agreement. Plaintiff affirms that he has been paid and/or has received all

compensation, wages, overtime and overtime premiums, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which he may have been entitled as a result of his employment with Defendants, and that no other compensation, wages, bonuses, commissions, benefits or other monies are due.

g.     Plaintiff further affirms that: (1) he has no known workplace injuries or occupational diseases, and (2) he has not alleged retaliation for reporting any allegations of fraud against Defendants or any other Releasee.  Plaintiff also affirms that he has not alleged that any of Defendants' decisions regarding his pay and benefits during his employment through the date of his separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law. Plaintiff warrants that he is not a Medicare beneficiary as of the date of this Settlement Agreement and no conditional payments have been made to him by Medicare.  Plaintiff agrees that he will not apply for employment in the future with Defendants, or any affiliated or related companies or entities.

2.     In consideration for the promises made by Plaintiff contained in Paragraph "1" above, and in the other provisions of this Agreement, Defendants agree:

a.     Defendants will provide Plaintiff with the total settlement amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) ("Settlement Amount"), which shall be paid as follows: (1) one check made payable to "Haitham Samara" in the amount of $15,936.66 for which an Internal Revenue Service ("IRS") Form 1099 will be issued, and (2) one check made payable to El-Hag & Associates, P.C. as attorneys for Haitham Samara in the amount of $9,063.34 representing attorney's fees for which a IRS Form 1099 will be issued. Such payment shall be made within thirty (30) calendar days after the Court's dismissal of this

7

Action with prejudice.  The Parties agree that the Settlement Amount includes counsel's portion of the Settlement Amount and is in full and final settlement of all attorneys' fees and costs incurred by Plaintiff's counsel in this Action through and including the date this Action is dismissed.

b.      In response to any request for a reference from a potential employer of Plaintiff, Defendants will only provide confirmation of his dates of employment, and if requested, compensation.

c.      Defendants, their current and former parents, subsidiaries, affiliates, divisions, successors or predecessors, and assigns, and each of their respective past and present officers, directors, representatives, employees, agents and legal representatives hereby irrevocably waive, release and forever discharge the Plaintiff from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, that Defendants, their current and former parents, subsidiaries, affiliates, divisions, successors or predecessors, and assigns, and each of their respective past and present officers, directors, representatives, employees, agents and legal representatives had, now has, or may have, whether known or unknown, suspected or unsuspected, including but not limited to all matters relating to Plaintiff's employment with Defendants and Plaintiff's separation from working with or for Defendants.  Defendants intend that the release pursuant to this Paragraph, 2(c), shall discharge each of the Releasees to the maximum extent permitted by law.

3.      Plaintiff shall provide Defendants, through counsel, with an IRS Form W-4 before any payment is due under this Agreement.

4.      Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the respective settlement amount paid to him as described in Paragraph 2(a) above.  Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against Defendants in connection with the settlement amount described in Paragraph 2(a) above, except for such taxes, interest, penalties and other liabilities or costs that are the responsibility of the Defendants in the first instance.  Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or Defendants' counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.  Should Plaintiff fail to indemnify and hold Defendants harmless with respect to taxes, interest, penalties or other liabilities or costs in connection with the settlement amount described in Paragraph 2(a) above, and Defendants are required to institute legal proceedings to enforce any of the provisions of this Paragraph, the losing party agrees to pay the prevailing party's reasonable attorneys' fees and costs for the proceeding to obtain and enforce such indemnification, in an amount no greater than the taxes, interest and penalties allegedly due.

5.      This Agreement shall be filed with the Court via ECF, and shall be utilized by the Parties and their Counsel as permitted by this Agreement.

6.      The instant action shall be dismissed, in its entirety with prejudice, against Defendants and/or Releasees in exchange for the promises set forth in Paragraph "2" above. Defendants and Plaintiff agree not to seek any interest, fees or costs from the Court, except as provided in this Agreement, and Plaintiff agrees not to seek further payment for attorneys' fees and/or costs from Defendants.  Defendants, through their counsel, shall submit the original

Stipulation and Order of Final Dismissal With Prejudice, in the form attached hereto as Exhibit "A," for issuance and entry no later than one (1) business day after the later of the day: (1) that this Agreement and Release has been executed by Plaintiff and received by defense counsel; and (2) a period of seven days for Plaintiff to revoke his acceptance of this Agreement and Release, as provided for herein, has expired.

7.      The terms of this Agreement are the product of mutual negotiation and compromise between the Parties.  This Agreement has been drafted through a cooperative effort of the Parties, none of whom shall be considered the drafter of this Agreement so as to give rise to any presumption or convention regarding construction of this document.   Plaintiff is represented by counsel of his choosing and certifies that he is satisfied with the advice and services of his counsel, Jordan El-Hag.  The meaning, effect, and terms of this Agreement have been fully explained to Plaintiff by his counsel and has been translated, if necessary.  Plaintiff hereby affirms that he fully understands that this Agreement and Release settles, bars, and waives any and all claims he could possibly have against Defendants for engaging in unlawful employment discrimination based upon their failure to pay overtime wages, or their failure/willful failure to furnish Plaintiff with a Wage Theft Prevention Act notice, or their failure to provide Plaintiff with a wage statement, or their request for reimbursement from Plaintiff as an unpermitted deduction from wages, or their failure to compensate Plaintiff with the minimum wage for all hours worked.

8.      Plaintiff acknowledges that he has not relied on any representations, promises or agreements of any kind made to him in connection with his decision to sign this Agreement except for those set forth in the Agreement.  No other promises or agreements shall

be binding or shall modify this Agreement unless signed by authorized representatives of Defendants and Plaintiff hereto, wherein specific reference is made to this Agreement.

9.      This Agreement shall be governed and interpreted in accordance with the laws of the State of New York without regard to its conflict of laws provisions.  Should any provision of this Agreement be declared illegal, unenforceable or void by any court of competent jurisdiction, in whole or in part, and cannot be modified to be enforceable, excluding any release of claims language, such provision shall immediately become null and void leaving the remaining provisions of this Agreement in full force and effect.  However, if any portion of any release of claims language set forth in this Agreement is declared unenforceable for any reason, Plaintiff still agrees not to engage in any conduct prohibited by Paragraph "1" above to the extent permitted by law.  The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

10.     Any proceeding to enforce this Agreement shall be brought in the United States District Court for the Southern District of New York, and the Parties consent to jurisdiction in that court in any such action.

11.     This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.  Each such original, facsimile or electronically-imaged copy of this Agreement signed in counterpart by any of the Parties shall be deemed to be an original for all purposes.

12.     Plaintiff is hereby advised in writing that he is afforded twenty-one (21) calendar days to consider this agreement and to consult with an attorney of his individual choice.

Plaintiff affirms that he consulted with his attorney, Jordan El-Hag, prior to his execution of this agreement.

13.     Plaintiff may revoke this agreement for a period of seven (7) calendar days following the date he signs this agreement.  Any revocation within the respective seven (7) day period must be submitted, in writing, to Howard Schragin, Esq., Sapir Schragin LLP, 399 Knollwood Road, Suite 310, White Plains, New York 10603, and state, "I hereby revoke my acceptance of our negotiated joint settlement agreement and general release."  The revocation must be personally delivered to Mr. Schragin or his designee, or mailed to Mr. Schragin and received within seven (7) calendar days after the date plaintiff signs this agreement.  Plaintiff agrees that any modifications, material or otherwise, made to this agreement do not restart or affect in any manner the original twenty-one (21) calendar day consideration period.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THE SETTLEMENT AMOUNT AND OTHER CONSIDERATION IN PARAGRAPH "2," PLAINTIFF HAITHAM SAMARA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, JORDAN EL-HAG, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES AS SET FORTH IN THIS AGREEMENT.  I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

HAITHAM SAMARA

Date  12/2/2015

By: _____
    Haitham Samara

Sworn to before me this _____
2nd Day of November, 2015.

_____
Notary Public

JORDAN A. EL-HAG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02EL6274272
Qualified in Westchester County
My Commission Expires February 04, 2017


NYC CANDY & NUTS, INC.

Date  12/4/15

By: _____
    Fauzi Ibrahim


FAUZI & COMPANY, INC.

Date  12/4/15

By: _____
    Fauzi Ibrahim


FAUZI IBRAHIM

Date  12/4/15

By: _____
    Fauzi Ibrahim


REEM IBRAHIM

Date  12/4/15

By: _____
    Reem Ibrahim

13

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HAITHAM SAMARA,

                    Plaintiff,

          – against –

NY CANDY & NUTS, INC., FAUZI & COMPANY,
INC., FAUZI IBRAHIM, REEM IBRAHIM,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15-CV-4824 (CS)

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE**

WHEREAS, this Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") is entered into between Plaintiff Haitham Samara and Defendants NYC Candy & Nuts, Inc. ("NYC Candy & Nuts"), Fauzi & Company, Inc. ("Fauzi & Company"), Fauzi Ibrahim, and Reem Ibrahim (collectively, "Defendants") ("Plaintiff" and "Defendants" together hereinafter referred to as "Parties"), by and through their undersigned counsel of record; and

WHEREAS, on June 22, 2015, Plaintiff filed the Complaint in the United States District Court for the Southern District of New York against Defendants for violating the Fair Labor Standards Act and the New York State Labor Law based upon their failure to pay overtime wages, failing/willfully failing to furnish Plaintiff with a Wage Theft Prevention Act notice, failing to provide Plaintiff with a wage statement, requesting reimbursement from Plaintiff as an unpermitted deduction from wages, and failing to compensate Plaintiff with the minimum wage for all hours worked; and

WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing asserted in this litigation, including, but not limited to, all such allegations contained in the Complaint, and in any other papers filed or served by Plaintiff or on

Plaintiff's behalf in the above-captioned action; and

WHEREAS, the Parties exchanged relevant information, deliberated over the claims and defenses in the case through numerous calls and emails, and engaged in good-faith, arms-length negotiations, after which they agreed to resolve this action; and

WHEREAS, the Parties believe and the Court finds that the terms of the Negotiated Settlement Agreement and Release constitute a full and fair settlement of the claims raised by Plaintiff in this lawsuit, taking into account the allegations asserted by Plaintiff and the relevant documents and the defenses asserted by Defendants.

This Court, having considered the foregoing, **HEREBY ORDERS** that the above-captioned action is dismissed in its entirety (including all FLSA claims), with prejudice, and with no award of attorneys' fees or costs by the Court to any party.

The Clerk of the Court shall close this case.

Respectfully submitted,

JORDAN EL-HAG

By: _____
    Jordan El-Hag

*Attorney for Plaintiff*
777 Westchester Avenue, Suite 101
White Plains, New York 10604
(914) 705-5497

Dated: __|Z/Z__ , 2015

SAPIR SCHRAGIN LLP

By: _____
    Howard Schragin

*Attorney for Defendants*
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

Dated: __12/22__ , 2015

2

SO ORDERED:

_____
      Cathy Seibel, U.S.D.J.

Dated: _____, 2015
      White Plains, New York