UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HAITHAM SAMARA,

                        Plaintiff,

             – against –

 

NY CANDY & NUTS, INC., FAUZI & COMPANY,
INC., FAUZI IBRAHIM, REEM IBRAHIM,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15-CV-4824 (CS)

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE**

        WHEREAS, this Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") is entered into between Plaintiff Haitham Samara and Defendants NYC Candy & Nuts, Inc. ("NYC Candy & Nuts"), Fauzi & Company, Inc. ("Fauzi & Company"), Fauzi Ibrahim, and Reem Ibrahim (collectively, "Defendants") ("Plaintiff" and "Defendants" together hereinafter referred to as "Parties"), by and through their undersigned counsel of record; and

        WHEREAS, on June 22, 2015, Plaintiff filed the Complaint in the United States District Court for the Southern District of New York against Defendants for violating the Fair Labor Standards Act and the New York State Labor Law based upon their failure to pay overtime wages, failing/willfully failing to furnish Plaintiff with a Wage Theft Prevention Act notice, failing to provide Plaintiff with a wage statement, requesting reimbursement from Plaintiff as an unpermitted deduction from wages, and failing to compensate Plaintiff with the minimum wage for all hours worked; and

        WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing asserted in this litigation, including, but not limited to, all such allegations contained in the Complaint, and in any other papers filed or served by Plaintiff or on

Plaintiff's behalf in the above-captioned action; and

WHEREAS, the Parties exchanged relevant information, deliberated over the claims and defenses in the case through numerous calls and emails, and engaged in good-faith, arms-length negotiations, after which they agreed to resolve this action; and

WHEREAS, the Parties believe and the Court finds that the terms of the Negotiated Settlement Agreement and Release constitute a full and fair settlement of the claims raised by Plaintiff in this lawsuit, taking into account the allegations asserted by Plaintiff and the relevant documents and the defenses asserted by Defendants.

This Court, having considered the foregoing, **HEREBY ORDERS** that the above-captioned action is dismissed in its entirety (including all FLSA claims), with prejudice, and with no award of attorneys' fees or costs by the Court to any party.

The Clerk of the Court shall close this case.

Respectfully submitted,

JORDAN EL-HAG                                    SAPIR SCHRAGIN LLP

By: _____                          By: _____
    Jordan El-Hag                                     Howard Schragin

*Attorney for Plaintiff*                          *Attorney for Defendants*
777 Westchester Avenue, Suite 101                 399 Knollwood Road, Suite 310
White Plains, New York 10604                      White Plains, New York 10603
(914) 705-5497                                    (914) 328-0366

Dated: 12/2 , 2015                                Dated: 12/22 , 2015

2

SO ORDERED:

_Cathy Seibel_

Cathy Seibel, U.S.D.J.

Dated: ___12/28___, 2015
White Plains, New York

Essentially for the reasons stated in Mr. El-Hog's application, I find the settlement terms and attorneys' fees to be fair and reasonable. _See Wolinsky v. Scholastic, Inc._, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).

The Clerk of Court is respectfully directed to close the case.